UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| GEORGE STANLEY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:14-cv-313-JDL |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## ORDER ON APPLICATION FOR IN FORMA PAUPERIS STATUS AND RECOMMENDED DISMISSAL OF CERTAIN CLAIMS

The plaintiff, George Stanley, has filed a complaint alleging a deprivation of civil rights. He contends that he has been forcibly prevented from entering Social Security Administration offices. He further contends that when he was in the office, staff members were, among other things, "rude, insolent[, and] impatient," and that he was refused service. Complaint (ECF No. 1) at 1. He alleges that this conduct violated the Americans with Disabilities Act ("ADA") and his constitutional rights. *Id*.

The plaintiff has also filed an application to proceed *in forma pauperis*. ECF No. 3. His assets as reported on that form are minimal, and I grant that request. The plaintiff's motion for a temporary restraining order (ECF No. 4) has been denied by Judge Levy of this court. ECF No. 6.

Because the plaintiff has sought leave to proceed without paying fees and costs, his complaint is subject to screening pursuant to 28 U.S.C. § 1915(e), which provides that a federal

1

district court "shall" dismiss "at any time" cases proceeding *in forma pauperis*, if the court determines that the complaint "fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 663, 678 (2009). The pleadings of *pro se* litigants are liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Here, the plaintiff's complaint, liberally read, alleges that the defendant has banned him "perm[anently]/semi-perm[anently]" from "all offices" since January 2012. Complaint at 1. He denies that he did "anything whatsoever to earn or deserve such a ban." *Id*. He alleges that a security guard at the defendant's office in Auburn, Maine, assaulted him in January 2012, and that other security staff treat him rudely, insolently, and impatiently. *Id*. He further alleges that, *inter alia*, "[s]taff behind glass" are rude, insolent, and impatient with him, refuse to serve him, "write up false reports," force him to sit, intentionally send his mail to the wrong address, and refuse to apologize for or to rectify these indignities. *Id*.

Assuming that the plaintiff means to bring an action for violation of the ADA and his "Constitutional rights of personhood, access, entry, and avail[ment][,]" *id*., portions of the complaint nonetheless fail to state a claim upon which relief may be granted. Neither the ADA nor the Constitution provides a general civility code. *E.g., Krist v. Kolombos Rest. Inc.*, 688 F.3d 89, 97 (2d Cir. 2012) ("[L]egislation such as the ADA cannot regulate individuals' conduct so as to ensure that they will never be rude or insensitive to persons with disabilities[.]"); *Menzie v. Ann Taylor Retail, Inc.*, No. 3:11cv416/MCR/CJK, 2013 WL 709608, at *4 (N.D. Fla. Feb. 27, 2013)

2

(ADA not a general civility code); *Johnson v. Camden Cnty. Prosecutors Office*, Civil Action No. 11-3588 (RMB/KMW), 2014 WL 116314, at *4 n.6 (D.N.J. Jan. 10, 2014) (Constitution protects rights and freedoms, but does not enshrine code of personal civility); *Zimmerlink v. Fayette Cnty.*, Civil Action No. 10-237, 2012 WL 5989198, at *6 (W.D. Pa. Nov. 29, 2012) (same). Thus, the plaintiff's claims of rude, insolent, and impatient treatment by the employees of the named defendant do not state a claim upon which relief may be granted.

The result is different, however, for the complaint's allegations that the plaintiff has been banned from "all offices" of the defendant and that a security guard at the defendant's Auburn office assaulted him. The plaintiff has alleged that he is disabled, and a blanket refusal to allow him to enter any office of the Social Security Administration may conceivably deny him the benefits of the programs for which that agency is responsible. These are the first two elements of an ADA discrimination claim. 42 U.S.C. § 12132. The third element, that this discrimination was "by reason of" the defendant's disability, *id.*, may reasonably be inferred from the *pro se* complaint. In addition, the allegation of assault by a security guard stands on its own, either as a common law tort or, perhaps, a constitutional claim for deprivation of civil rights.

Since the ADA and assault allegations do state claims upon which relief may be granted, dismissal under 28 U.S.C. § 1915(e)(2)(B) is not warranted.

For the foregoing reasons, the plaintiff's application to proceed *in forma pauperis* is **GRANTED**. I recommend that the court **DISMISS** any claims other than the claim or claims for assault and the claim or claims that may reasonably be construed to assert cognizable claims under the ADA. If the court adopts this recommendation, the court should extend the deadline for service of the complaint, and the clerk should be directed to arrange for service of the complaint, along

with a copy of this recommended decision and the court's order dismissing certain of the plaintiff's claims, upon the defendant as soon as practicable.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 17th day of December, 2014.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge