# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| GEORGE STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 2:14-cv-313-JDL |
| SOCIAL SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO EXTEND TIME**

George Stanley ("Stanley"), who is unrepresented in this action against the Social Security Administration ("SSA"), *see* ECF No. 1, has filed a Motion to Extend Time (ECF No. 13), asking that he be allowed to make untimely objections to a Recommended Decision of Magistrate Judge John H. Rich III (the "Magistrate Judge") that recommended the dismissal of certain counts of his complaint.

Federal Rule of Civil Procedure 6(b) provides that a District Court may, for "good cause," extend a motion deadline after its expiration if a party failed to meet the deadline because of "excusable neglect." Fed. R. Civ. P. 6. Determining "whether an instance of neglect is (or is not) excusable has a significant equitable component and must give due regard to the totality of the relevant circumstances[.]" *Bennett v. City of Holyoke*, 362 F.3d 1, 5 (1st Cir. 2004).

Stanley mailed his motion to extend time only a day after the deadline for timely objections to the Recommended Decision had passed. ECF No. 13-1. Stanley cites as his reason for missing the deadline that he has been residing outside of the

state and lacked access to a vehicle to return to Maine to check his mail.[1]  ECF No. 13 at 1.  I conclude that under these circumstances, and being mindful that Stanley is an unrepresented party, his failure to meet the deadline is excusable.

It is **ORDERED** that Plaintiff's Motion to Extend Time is **GRANTED**.  The court, therefore, has considered the objections raised by Stanley in ECF No. 13 and ECF No. 18.  Plaintiff's Second Motion to Extend Time (ECF No. 18), which was filed while the first was pending, is thereby **MOOT**.

**SO ORDERED.**

Dated:  February 6, 2015                    /s/ Jon D. Levy
                                            U.S. District Judge

---

[1] Stanley's motion also includes a request that all correspondence addressed to him be sent to a New Hampshire address in addition to the Maine address already on file with the Clerk's office.  To ensure that this order reaches Stanley, copies will be sent to both addresses.  However, Stanley is advised that the Clerk's office will maintain only one record address per party.  Therefore, all future correspondence from the Court will be sent only to his Maine address unless he files a written change of address request with the Clerk's office.